In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13708

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

DUVAL COUNTY TAX COLLECTOR,

Third Party Plaintiff,

*versus*

KATRINA BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00089-MMH-MCR-1

_____

2                          Order of the Court                    24-13708

Before ROSENBAUM, and ABUDU, Circuit Judges.

BY THE COURT:

In 2019, Katrina Brown was convicted of several counts of conspiracy to commit and aiding and abetting mail and wire fraud, engaging in illegal monetary transactions, attempted bank fraud, and making false statements to federally insured institutions. Before sentencing, the district court granted the government's motion for an order of forfeiture as to Brown in the amount of $425,752.68. On November 3, 2020, the court entered a final judgment that, among other things, ordered her to pay restitution to the City of Jacksonville and BizCapital BIDCO II, LLC. Brown appealed, and we affirmed her conviction and sentence in Appeal No. 20-14254. Most recently, on October 11, 2024, the district court granted the government's motion to substitute the United States Small Business Administration ("SBA") for BizCapital BIDCO II, LLC as a victim for purposes of restitution.

Brown, now proceeding *pro se*, filed another notice of appeal, in which she stated that she intended to appeal "any and all pretrial, trial[,] and/or post-trial rulings," including "the rulings prior to and /or during the sentencing hearing" and, specifically, the October 2024 substitution order. We issued jurisdictional questions about what, specifically, Brown is appealing and whether we have jurisdiction to review those rulings.

Given her response to those questions, we construe Brown's notice of appeal as evincing an intent to appeal from the district

24-13708                Order of the Court                3

court's November 2020 judgement and all prior rulings, as well as the October 2024 substitution order.  *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment— or the appealable order—from which the appeal is taken"), 3(c)(4) (providing, however, that "[t]he notice of appeal encompasses all orders that . . . merge into the designated judgment or appealable orders and "[i]t is not necessary to designate those orders"); 3(c)(7) ("An appeal must not be dismissed . . . for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment."); *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (explaining that *pro se* filings are liberally construed).

However, Brown has already appealed from the district court's November 2020 judgment, which drew into question all preceding orders.  *See* 28 U.S.C. § 1291; *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985) ("In a criminal case[,] the final judgment [is] the sentence."); *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (explaining that an appeal from a final judgment brings up all prior non-final rulings that produced the judgment); *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) (explaining that preliminary orders of forfeiture become final as to the defendant at sentencing and are included in the judgment).  She is not entitled to two appeals from that judgment. *See United States v. Arlt*, 567 F.2d 1295, 1296-97 (5th Cir. 1978).  Accordingly, Brown's appeal is DISMISSED IN PART as duplicative of her earlier appeal to the extent she challenges the November

4                        Order of the Court                24-13708

2020 judgment or any prior rulings.  *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986).

This appeal shall proceed as to only the district court's October 11, 2024, order granting the government's motion to substitute the SBA as a victim for purposes of restitution.

**DISMISSED IN PART.**